MARYLAND CASUALTY CO. *v.* TOWN OF TERRY, TO USE OF DUBOSE.

(Division A.   Dec. 12, 1938.)

[185 So. 228.   No. 33389.]

34

Watkins & Eager, of Jackson, for appellant.

**H. V. Watkins** and **Ralph B. Avery,** both of Jackson, for appellee.

Argued orally by **Mrs. Elizabeth Hulen** and **Tom Watkins,** for appellant, and by Ralph and **Sam E. Lackey,** for appellee.

**Smith, C. J.,** delivered the opinion of the court.

This is an action against Chapman, night marshal of the town of Terry, and the appellant, alleged to be the surety on his official bond, for damages to the appellee, Dubose, Usee, alleged to have been sustained by him because of a wrongful assault and battery made on him by Chapman while discharging an official duty. A judgment was rendered against both Chapman and the Casualty Company, but only the latter appeals. The appellant requested, but was refused, a directed verdict. Two questions arise therefrom. (1) Does the bond sued on cover Chapman's acts as night marshal; and should that question be answered in the affirmative? (2) Was a wrongful assault made by Chapman on Dubose while acting as night marshal?

The bond is to the town of Terry, Mississippi, was executed on the 16th day of February, 1936, and recites that:

"The condition of the aforegoing obligation is such that whereas, the said Principal was elected or appointed Night Watchman for the term beginning on the 8th day of February, 1937, and ending on the 8th day of February, 1938.

"Now, therefore, if the said Principal shall, during the term of this bond, well and faithfully perform all and singular the duties incumbent upon him by reason of his election or appointment as said Night Watchman, except as hereinafter limited, and honestly account for all moneys coming into his hands as said Night Watchman, according to law then this obligation shall be null and void; it is otherwise to be and remain in full force and virtue."

The office or position of night marshal is not created by Chapter 50, Code of 1930, governing municipalities or by an ordinance of the town of Terry. The minutes of the town's Mayor and Board of Aldermen of the 2nd day of February, 1937, sets forth the following: " 'Mo-

tion was made that we hire a night Marshal for twelve months and that he be secured by a $2,000.00 bond. Vote was unanimous. Ramsey T. Chapman was elected by ballot and was called in and sworn in as night watchman until he secured his bond. Salary for night marshal was fixed as $40.00 a month.' ''

According to the record a commission to Chapman as night marshal was necessary before he could enter upon the discharge of his duties as such. This commission was not issued to him until sometime in April, 1937, prior to which, according to the record, Chapman acted only as night watchman for which it does not appear that a bond by him was necessary.

The office of marshal required by Section 2511, Code of 1930, was filled by another. Chapman's duties as night marshal were ''to apprehend any suspicious persons, to make arrests, and to preserve the peace.'' His duties as night watchman included only ''watching streets and business section; making rounds of the town.'' The bond on its face covers only Chapman's duties as night watchman but the appellee says that as it was the only bond he gave and was treated by the municipal authorities as covering his duties as night marshal, under Section 2888, Code of 1930, it must be held to be effective as such. That section is as follows:

''The bonds of all officers required to give bond shall be conditioned in the following form, to-wit:

'' 'Whereas, the above bound A B was duly elected (or appointed) to the office of ——, on the —— day of ——, for the term of —— years from the —— day of ——; therefore, if he shall faithfully perform all the duties of said office during his continuance therein, then the above obligation to be void.'

''But a failure to observe the form herein prescribed shall not vitiate any official bond; and all official bonds shall be valid and binding in whatever form they may be taken, except so far as they may be condi-

tioned for the performance of acts in violation of the laws or policy of the state; and whether in the proper penalty or without any penalty, or whether correct or incorrect in its recitals as to the term of office or otherwise, or whether properly payable, or whether approved by the proper officer or not approved by any, or if irregular in any other respect, such bond, if delivered as the official bond of the officer, and serving as such, shall be obligatory on every one who subscribed it for the purpose of making the official bond of such officer to the full penalty, or, if it has no penalty, to the full penalty of the bond which might have been required.''

The appellee says that the words therein ''whether correct or incorrect in its recitals as to the term of office or otherwise'' applies here. If it does it is because of the use of the words ''or otherwise.'' The statute further provides, however, that, ''such bond, if delivered as the official bond of the officer, and serving as such, shall be obligatory on every one who subscribed it for the purpose of making the official bond of such officer.''

In order to uphold the appellee's contention, it would be necessary for us to say that this statute strikes out of the bond the words ''night watchman'' and substitutes therefor the words ''night marshal.'' There is no evidence indicating that the Casualty Company intended to execute a bond covering Chapman's duties as night marshal and that the description of his office as night watchman was a clerical error. By whom the bond was delivered to the municipal authority does not appear, except by inference that it was delivered by Chapman; in order for the statute invoked to control the bond must have been delivered with the consent of the surety for the purpose of assuring the performance by Chapman of his official duties as night watchman. A bond executed and intended by the surety to cover the duties of the principal therein as a chancery clerk but delivered by the

principal to cover his duties as a sheriff could hardly be said to come within this statute, and this case is identical in principle therewith. But it is said by the appellee that the appellant is charged with notice of the resolution hereinbefore set forth appointing Chapman as night marshal requiring him to execute a bond therefor and appointing him night watchman until the bond should be executed and therefore must be held to have intended the bond to cover his duties as night marshal. If the office or position of night marshal had been created by an ordinance of the municipality properly adopted, the appellant would be charged with notice thereof and we would then be called on to determine its effect here, but such is not the case. Chapman was not appointed to an office or position created by an ordinance, but only to an office or position temporarily created by a mere resolution of the Mayor and Board of Aldermen with which the appellant was not charged with notice. It is true that the statute is remedial and should be liberally construed, but the limit thereof has been passed here. The court below should have granted the appellant's request for a directed verdict, and its judgment will be reversed and judgment final for the appellant will be rendered here.

So ordered.